**Jiezhen R. CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70600.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2004.

Decided Nov. 5, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

### MEMORANDUM *

Jiezhen Chen ("Chen"), a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

Because the parties are familiar with the facts and procedural history of this case we do not recite them here. Because the BIA adopted the IJ's decision in its entirety, we review the IJ's ruling. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

To qualify for asylum, a petitioner must show that she is "unable or unwilling to return to [her] home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Lim v. INS,* 224 F.3d 929, 934 (9th Cir.2000). This showing can be made "by the production of specific documentary evidence or by the credible and persuasive testimony of the applicant." *Zahedi v. INS,* 222 F.3d 1157, 1162 (9th Cir.2000).

In this case, petitioner both testified and submitted several medical documents in support of her claim.

*Testimonial Evidence*

At the hearing before the IJ, Chen testified that the Chinese government forced her to have two abortions. The IJ found that Chen's testimony was not credible and the BIA affirmed. We review adverse credibility determinations under a substantial evidence standard and reverse the BIA's order only where the evidence compels the opposite result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Deference is given to the IJ's credibility determination, because the IJ is in the best position to assess the trustworthiness of the applicant's testimony. *Mendoza–Manimbao v. Ashcroft,* 329 F.3d 655, 661 (9th Cir.2003). We examine the record to see whether substantial evidence supports the IJ's credibility determination. *Osorio v. INS,* 99 F.3d 928, 931–32 (9th Cir.1996).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In this case, the IJ's adverse credibility determination is supported by substantial evidence. The IJ found that Chen's credibility was damaged by the lack of detail in her testimony and the major inconsistencies between her testimony and her application. For example, in Chen's application, she noted that the Birth Control Officer visited her multiple times during Chen's second pregnancy and that she became pregnant after her husband's condom failed. However, when testifying about that pregnancy, Chen stated she became pregnant after she stopped taking birth control pills and repeatedly insisted that the Birth Control Officer came to talk with her only once. Chen also contradicted her testimony and application when testifying to whether she learned of China's strictly one child policy before or after she became pregnant the second time.

Additionally, Chen repeatedly gave different accounts of the events surrounding her second abortion. At first she said she learned she was pregnant in October, 1985 and later she testified it was February, 1986. She also presented conflicting testimony about when the Birth Control Officer visited her regarding this pregnancy: one time it was in November, 1985; another in February, 1986. Finally, Chen's credibility was undermined by her husband's testimony in his asylum hearing which related only one forced abortion, while Chen testified to two. Accordingly, we affirm the BIA's ruling on this issue.

*Documentary Evidence*

With respect to documentary evidence, this court has held that "[w]hen rejecting the validity of a document admitted into evidence, an IJ must provide a specific, cogent reason for rejecting it, and this reason must bear a legitimate nexus to that rejection." *Zahedi*, 222 F.3d at 1165 (reversing the IJ's adverse credibility determination with respect to testimony on the ground that determination not supported by substantial evidence; holding that IJ could not reject documentary evidence for the same reasons it rejected testimonial evidence; and holding that the documentary evidence established the objective component of petitioner's claim of well-founded fear of future persecution).

Here, Chen has submitted documents which support her contention that she had an abortion, that she and her husband were ordered to be sterilized, and that she and her husband were fired from their factory job for violating China's one child policy. In the absence of an explicit rejection of petitioner's documentary evidence by the IJ, this court must accept the petitioner's documentary evidence as true. *See Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir.2000) (holding that in the absence of an adverse credibility determination, the court must accept petitioner's testimony as true); *see also Zahedi*, 222 F.3d at 1165 (holding that IJ must follow the same rules regarding documentary evidence as she does concerning testimonial evidence).

Here, the documents submitted by Chen, if taken as true, establish that she and her husband were ordered to be sterilized. While that order was revoked as to petitioner, the revocation order expressly states that in the event if "failure of birth control," *i.e.*, in the event Chen should become pregnant again, the sterilization order would be reinstated. These documents, if true, establish that Chen has a well-founded fear of future persecution and therefore her eligibility for asylum.

Therefore, we remand this case to the BIA for it either to accept or reject, upon the basis of proper findings, the documents which make out a case for asylum and withholding of removal.

636

PETITION FOR REVIEW GRANT-ED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS RULING.

BEA, J., Concurring.

I separately concur to state that this court's remand does not eliminate the opportunity for the IJ to follow the well-established doctrine of *falsus in uno, falsus in omnibus* and find that the documents are inauthentic because the person who presents them is not worthy of credibility. *See United States v. Castillero,* 67 U.S. 17, 128–129, 2 Black 17, 17 L.Ed. 360 (1862).